UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Appellant,<br><br>    v.<br><br>MARINER HEALTH CENTRAL, INC., *et al.*,<br><br>    Appellees. | Case No. 24-cv-05778-AMO<br><br>**ORDER GRANTING MOTION TO DISMISS APPEALS**<br><br>Re: Dkt. Nos. 4, 16 |
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Appellant,<br><br>    v.<br><br>MARINER HEALTH CENTRAL, INC., *et al.*,<br><br>    Appellees. | Case No. 24-cv-5252-AMO<br><br>Re: Dkt. No. 17 |

These matters arise out of litigation by the State of California against various healthcare service providers and those providers' subsequent bankruptcy proceedings. Before the Court are Appellant's motion for summary disposition in the later-filed case and identical motions to dismiss filed by Appellees on each docket referenced above. The motions are fully briefed and were heard before the Court on May 29, 2025. This Order resolves all motions and will be filed on both dockets. Having carefully considered the arguments made in the parties' papers and those made at the hearing, as well as the relevant legal authority, the Court hereby **GRANTS** the motions to dismiss and **DENIES** the motion for summary disposition for the following reasons.

## I.     BACKGROUND

Appellant People of the State of California (the "State") appeals two orders issued by the bankruptcy court in bankruptcy proceedings involving Appellees Mariner Health Central, Inc., and certain of its affiliates (collectively, "the Debtors").[1] The proceedings in state court, bankruptcy court, and this Court, to the extent relevant to resolution of the pending motions, are summarized below.

In April 2021, the State filed suit in Alameda County Superior Court against the Debtors and other non-debtor affiliates alleging numerous deficiencies in the care and management of nursing facilities. In July 2022, certain of the non-debtor affiliates successfully quashed service of the summons for lack of personal jurisdiction, and in October of that year, the State appealed the trial court's order quashing service (the "Alameda Appeal"). On March 14, 2024, the parties to the Alameda Appeal stipulated to resolve all claims against all defendants and waived their right to appeal. The parties' stipulation also provided for payment to the State of $2.25 million in costs and $15.5 million in penalties that were stayed on the condition of the performance of the injunctive provisions therein.

In September 2022, the Debtors commenced Chapter 11 petitions for relief and subsequently proposed a Joint Plan of Reorganization ("Plan"), which the State voted to accept. *See* Plan, Bankruptcy Proceedings, Dkt. No. 874 at 21. Under the Plan, the State is a "releasing party," defined as "(i) each holder of a Claim or Interest . . . and any and all other entities who may purport to assert any Claim or Cause of Action, by, through, for, or because of such Entities or Persons." Plan at 23. "Released Part[ies]" are defined in relevant part as "(a) Debtors, (b) Reorganized Debtors . . . (h) Non-Debtor Affiliates." *Id.* In December 2023, the bankruptcy court confirmed the Plan (the "Confirmation Order"). The Plan provided for several releases and injunctions, including that

> all entities that have held, hold, or may hold Claims or Interests that have been released, discharged, or are subject to exculpation are permanently enjoined . . . from . . . commencing or continuing in

---

[1] The underlying bankruptcy proceedings are *In re Mariner Health Central, Inc., et al.*, No. 4:22-bk-41079-WJL (Bankr. N.D. Cal.).

2

> any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests . . . and commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan.

Plan at 90. It also provided for the payment of costs and penalties to the State as described in the parties' stipulation, which were conditioned on performance of the Plan. *Id.* at 22.

On May 2, 2024, the Debtors filed a "Motion for Order Enforcing Injunction and Release Provisions of the Plan and Confirmation Order" ("Motion to Enforce") with the bankruptcy court, as the State had not dismissed the Alameda Appeal, which the Debtors contended was required by the Plan and Confirmation Order. The Motion to Enforce requested the bankruptcy court enforce the terms of the Confirmation Order, enjoin the State from continuing the Alameda Appeal, and direct the State to dismiss the Alameda Appeal.

On July 26, 2024, the bankruptcy court granted the motion and issued an "Order Granting Debtors' Motion for Order Enforcing Injunction and Release Provision of Plan and Confirmation Order and Granting Related Relief" ("First Order"). The First Order, among other things, provided that the State "is therefore enjoined from pursuing the . . . Alameda Appeal." The bankruptcy court also expressly retained jurisdiction "related to the interpretation of" the First Order. On August 6, 2024, the State appealed the First Order, commencing the action designated as *People of the State of California v. Mariner Health Central, Inc., et. al.*, No. 24-cv-5252-AMO ("First Appeal"). First Appeal, Dkt. No. 1.

The Debtors then notified the California Court of Appeal that the bankruptcy court issued the First Order and requested that it dismiss the Alameda Appeal. The State objected. Because the Court of Appeal had set oral argument on the personal jurisdiction issue for August 27, 2024, which was fully briefed, the State and the Debtors requested a status conference with the bankruptcy court, which the bankruptcy court set for August 14, 2024. The day before, the State filed a two-page document with the bankruptcy court, "The People's Status Conference Statement and Request for Permission to Appear and Participate in Oral Argument before the First District Court of Appeal." The State indicated it sought "specific guidance" from the court, noting that "[r]egardless as to whether it is not entirely clear that, 'pursuing the [] Alameda Appeal,' would

include merely appearing and arguing the case as opposed to briefing, etc., permission from th[e bankruptcy court] is requested." The State further noted that "[t]he completion of the Alameda Appeal may not render moot the appeal of [the First Order] and findings in the same fashion that dismissal of the appeal would." The day after the status conference, the bankruptcy court entered an "Amended Order Granting Debtors' Motion for Order Enforcing Injunction and Release Provision of Plan and Confirmation Order" ("Amended Order"). The State appealed the Amended Order, commencing another case, *People of the State of California v. Mariner Health Central, Inc., et. al.*, No. 24-cv-5778 ("Second Appeal"), which was subsequently related to the First Appeal and reassigned to this Court on September 25, 2024.

The State moved the bankruptcy court to stay the First and Amended Orders pending appeal, which the bankruptcy court denied on August 19, 2024. Second Appeal, Dkt. No. 1 at 17. On August 21, 2024, the State filed an emergency motion in this Court to stay the bankruptcy court's orders. First Appeal, Dkt. No. 3. The State's principal contention was that the Alameda Appeal is not a "claim" and thus was not released under the Plan. *Id.* at 11. On August 26, 2024, this Court denied the motion. First Appeal, Dkt. No. 9. That same day, the State filed a Request for Dismissal of Appeal in the Alameda Appeal, stating that "appellant hereby requests that the appeal . . . be dismissed." Second Appeal, Dkt. No. 17-1 at 2.[2] The California Court of Appeal entered an order stating: "[The State] has requested dismissal of this appeal . . . . We grant the request and hereby dismiss this appeal. . . . This dismissal order is final as to this court upon filing." Second Appeal, Dkt. No. 17-2 at 2.

On September 20, 2024, the State filed a Motion for Summary Disposition arguing the bankruptcy court lacked jurisdiction to issue its Amended Order. Second Appeal, Dkt. No. 4. On

---

[2] The Debtors seek judicial notice of two documents filed in the California Court of Appeal: (1) the State's request for dismissal of the Alameda Appeal, dated August 26, 2024, and (2) the Court of Appeal's order dismissing the appeal, dated August 27, 2024. Second Appeal, Dkt. No. 18. The State does not oppose or otherwise address the Debtors' request. These documents are the proper subject of judicial notice, as courts may "take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (internal citation omitted). Accordingly, the Debtors' request for judicial notice is **GRANTED**.

4

1    October 4, 2024, the Debtors filed motions to dismiss both the First and Second Appeals (together,

2    the "Pending Appeals"), contending the dismissal of the Alameda Appeal rendered them moot.

3    First Appeal, Dkt. No. 17; Second Appeal, Dkt. No. 16.  No matters remain pending before the

4    bankruptcy court or the Court of Appeal.  What remains to be resolved are the three motions

5    before this Court in the two related appeals.

## II.     DISCUSSION

The Debtors move to dismiss the Pending Appeals as moot in light of the State's dismissal of the Alameda Appeal, which the Debtors argue fully resolves the controversy currently before the Court.  First Appeal, Dkt. No. 17; Second Appeal, Dkt. No. 16.  "In bankruptcy, mootness comes in a variety of flavors: constitutional, equitable, and statutory." *In re PW, LLC*, 391 B.R. 25, 33 (9th Cir. BAP 2008).  Constitutional mootness – also sometimes called jurisdictional mootness – comes from Article III's case or controversy requirement, *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1128 (9th Cir. 2005), and requires that an appeal be dismissed "if an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party," *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1985)).  At the hearing, the Debtors confirmed their challenge is based on constitutional mootness.  Though the party asserting jurisdiction typically bears the burden of establishing that jurisdiction exists, *see Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994), it is the burden of the party asserting mootness – here, the Debtors – to establish there is no effective relief remaining for the Court to provide, *Or. Advocacy Ctr. v. Mink*, 322 F.3d 1011, 1117 (9th Cir. 2003) (citation omitted).

The First Appeal challenges the bankruptcy court's order prohibiting the State from pursuing the Alameda Appeal and the Second Appeal challenges the bankruptcy court's order directing the State to dismiss the Alameda Appeal.  At bottom, the dispute at issue in the Pending Appeals is thus whether the Confirmation Order required dismissal of the Alameda Appeal. Indeed, the Debtors' Motion to Enforce specifically sought "entry of an order enforcing the injunction and release provisions of [the Plan] . . . and the Confirmation Order . . . and enjoining and prohibiting the [State] from continuing the [] Alameda Appeal."  Second Appeal, Dkt. No. 3-2

at 177.  The Motion to Enforce further stated that the Debtors filed the motion because the State was "violating the injunction and release provisions of the Plan, Settlement, and Confirmation Order by continuing to pursue an appeal concerning the [Alameda Litigation]," *id.*, and the resulting Amended Order required the State to dismiss the Alameda Appeal, *see* Second Appeal, Dkt. No. 3-5 at 122.  The subsequent dismissal of the Alameda Appeal thus amounts to "an event [that] occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to [the] prevailing party." *Church of Scientology*, 506 U.S. at 12; *see W. Coast Seafood Processors Ass'n v. Nat. Res. Def. Council, Inc.*, 643 F.3d 701, 704 (9th Cir. 2011) ("Because the underlying litigation is over, we cannot grant [appellant] any 'effective relief' by allowing it to intervene now.").

        The State's arguments do not persuade otherwise.  Neither in its opposition nor at the hearing did the State argue that the Pending Appeals present a controversy other than whether the Plan required the State to dismiss the Alameda Appeal.  Rather, the State contends that there remains relief the Court can grant, as the Alameda Appeal "is not unsalvageable" because the California Court of Appeal can, upon the State's motion, withdraw the dismissal and recall the remittitur.  Thus, if this Court were to rule in the State's favor on the merits of the Pending Appeals, the State could then seek to withdraw its dismissal of the Alameda Appeal.  However, the State points to no authority supporting its position that the possibility of the state court's action in an independent proceeding defeats mootness.  Predicting how any court may rule is inherently speculative, and recall of a remittitur requires "good cause," which is "limited." *In re Gray*, 179 Cal. App. 4th 1189 (2009).  Moreover, it is done "only on the ground of fraud, mistake, or inadvertence" or "to correct clerical errors," and not "to correct judicial error." *In re Richardson*, 196 Cal. App. 4th 647 (2011).  The State notes that the "significant function [of recall of a remittitur] is to permit the court to set aside an erroneous judgment on appeal obtained by improper means," *id.*, and that dismissal of the Alameda Appeal "is precisely the 'improper means' which would make the recall of the remittitur proper." Second Appeal, Dkt. No. 21, at 5.  But the cases the State cites – two decisions by California appellate courts declining to recall remittitur in criminal cases – do not support this conclusion. *See In re Richardson*, 196 Cal. App.

6

4th at 633 (rejecting petitioner's request to recall remittitur on the basis of purported ineffective assistance of counsel where there was "no evidence whatsoever" that the decision at issue "resulted from fraud, mistake, or inadvertence" or was "the result of any oversight, neglect, accident, or other clerical error," and therefore "was not obtained by improper means in any respect") (citation omitted); *In re Gray*, 179 Cal. App. 4th at 1197 (finding dismissal of notices of appeal that sought to appeal a non-appealable order "was compelled by law" and "was not the product of 'clerical error,' 'fraud,' 'mistake,' 'inadvertence,' 'oversight,' 'neglect,' or 'accident' " and therefore not a basis for recalling the remittitur) (citation omitted). The State's contentions that it may yet be able to convince the Court of Appeal and withdraw its dismissal of the Alameda Appeal is "too remote a consequence to forestall the mootness of this appeal." *Allard v. DeLorean*, 884 F.2d 464, 465 n.1 (9th Cir. 1989).

Thus, the Debtors have established no live controversy exists since the Alameda Appeal has been dismissed and there is no effective relief the Court can craft for the State. Accordingly, the Court **GRANTS** the motions to dismiss the Pending Appeals.[3]

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motions to dismiss. The Pending Appeals are therefore **DISMISSED AS MOOT**. The Court **DENIES AS MOOT** the State's motion for summary disposition.

**IT IS SO ORDERED.**

Dated: September 22, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

---

[3] Additionally, the State moves for summary disposition, seeking summary reversal of the bankruptcy court's Amended Order. Second Appeal, Dkt. No. 4. Because the Court grants the Debtors' motions to dismiss, the Court need not reach the State's motion, as the State conceded at the hearing. The motion is therefore **DENIED AS MOOT**.

7